UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv388
(3:06cr147)

| | |
|---|---|
| JOSE RICO GOMEZ,<br>　　　Petitioner, | )<br>)<br>) |
| 　　　v. | )　　O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>　　　Respondent. | )<br>)<br>)<br>) |

**THIS MATTER** is before the Court on initial consideration of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence, filed on September 13, 2007. (Doc. No. 1). Also included in the Motion to Vacate are Motions for the Appointment of Counsel and for Discovery. For the reasons stated below, Petitioner's Motion to Vacate will be dismissed and Petitioner's Motion for Counsel and for Discovery will be denied as moot.

I.　PROCEDURAL HISTORY

On May 25, 2006, Petitioner was named in a three-count Indictment charging him with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possession with intent to distribute 5 kilograms or more of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and illegal reentry after deportation, in violation of 18 U.S.C. § 1326(a). (Case No. 3:06cr147, Doc. No. 11).

On August 1, 2006, Petitioner filed a Plea Agreement in which he agreed to plead guilty to Counts One and Three. (Case No. 3:06cr147, Doc. No. 24). During a Plea and Rule 11

1

hearing on August 29, 2006, a magistrate judge questioned Petitioner at length to ensure that his guilty plea was being intelligently and voluntarily tendered.[1] The Government summarized the essential terms of the Plea Agreement, including its appellate and collateral review waivers. Petitioner affirmed that the understood the terms of the Plea Agreement and that he had enough time to discuss the agreement with his attorney. Petitioner denied being threatened or forced to sign the agreement. He indicated that no one had made promises of leniency to him and that he was satisfied with the services of his attorney. The magistrate judge found that Petitioner's guilty plea was knowingly and freely made and accepted his plea. (Case No. 3:06cr147, Doc. No. 29: Entry and Acceptance of Guilty Plea).

On December 28, 2006, this Court conducted a sentencing hearing and imposed a sentence within the advisory guideline range of 72 months' imprisonment followed by three years' supervised release. (Case No. 3:06cr147, Doc. No. 39: Judgment). Petitioner did not file a direct appeal, but instead timely filed the instant Motion to Vacate alleging that his attorney was ineffective during plea negotiations and sentencing and that his sentence is in "violation of his right to equal protection of law and the due process clause." (Doc. No. 1: Motion at 5-6).

II.  LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

---

[1] The Rule 11 hearing was not transcribed, but the Court has reviewed the recording of the proceedings.

A. Ineffective Assistance of Counsel Claim

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).

Petitioner claims that his counsel was ineffective because he failed to negotiate with the government a more favorable plea. Petitioner argues that "[t]he record does not reflect that counsel ever negotiated a Rule 11(c)(1)(c) plea agreement which would limited [sic] Petitioner's sentence to the guideline sentence for the quantity of the drugs involved in the DEA agents search of room 109, of the In Town Suites Hotel, that means just 940 grams, that could have lead to a base offense level of 26." (Doc. No. 1-3: Statement of Claim at 6). However, Petitioner testified at his Rule 11 Hearing that he was satisfied with the performance of his counsel and had nothing negative to say about his representation. (Case No. 3:06cr147, Doc. No. 29: Entry and Acceptance of Guilty Plea at ¶¶ 30, 31). Such statements "constitute a formidable barrier" to attacking counsel in this collateral proceeding. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

3

Additionally, Petitioner presents no evidence showing that a more favorable plea agreement was available from the government, or that the Court would have accepted a binding plea to a fraction of the drugs involved in the offense.  Petitioner has also failed to present evidence that his counsel misadvised him about the plea offer, failed to communicate a plea offer, or that Petitioner would have proceeded to trial but for counsel's alleged deficient performance.  Counsel's inability to obtain a more favorable plea agreement was not objectively unreasonable given the facts regarding Petitioner's conduct.  In the Plea Agreement and at the plea hearing, Petitioner admitted he was responsible for at least 5 kilograms of cocaine, and was sentenced according to that admission.  Thus, Petitioner has failed to allege a colorable claim of ineffective assistance of counsel during the plea negotiation stage of the case.

Petitioner also faults his counsel's performance at sentencing.  He alleges that it was objectively unreasonable not to dispute the drug quantity calculation in the Presentence Report and move for downward departure based on minor role.  As detailed above, Petitioner admitted as part of his plea that he was responsible for between 5 kilograms and 15 kilograms of cocaine.  Thus, it would have been fruitless to attack the report's calculation of 5.94 kilograms.

"A defendant seeking a downward adjustment for his minor role in a criminal offense bears the burden of proving by a preponderance of the evidence that he is entitled to such an adjustment."  <u>United States v. Nelson</u>, 6 F.3d 1049, 1058 (4th Cir. 1993).  A court is not required to apply the adjustment based on the bare assertion of a defendant who must establish that he was less culpable than most other participants in the conspiracy. USSG §3B1.2 cmt. n.3(C), 5.  Here, Petitioner and his one co-defendant entered a room rented in Petitioner's name.  Soon after the co-defendant left the room, he was found to be in possession of 5 kilograms of cocaine.

Petitioner's room contained an additional 938.67 grams of cocaine, packaging materials, $9,110.00 in cash, and a loaded gun magazine. Petitioner admitted his guilt in the conspiracy and his responsibility for at least 5 kilograms of cocaine. Accordingly, these facts show that counsel's failure to move for a minor role reduction was not objectively unreasonable, and that there is not a reasonable probability that the outcome of the proceeding would have been different but for counsel's allegedly deficient performance. Therefore, it plainly appears that Petitioner is not entitled to relief on his claim of ineffective assistance of counsel.

B.  Equal Protection and Due Process Claims

Petitioner claims that he is being discriminated against as a "non-citizen alien" because he is not eligible for Bureau of Prisons (BOP) early-release programs and other benefits that are available to American citizens. (Doc. No. 1: Motion at 6). Thus, he complains under 28 U.S.C. §§ 2241 and 2255 that he is being confined under conditions and circumstances that are far different from those which a citizen would serve. (Doc. No. 1-2 at 1, 9, 20). As a remedy, he asks the Court to reduce his sentence by six to twelve months or order his immediate deportation. (Doc. No. 1-2 at 21).

When a defendant attacks the execution of a sentence, rather than the sentence itself, judicial review must be sought under § 2241 in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). In a case a due process argument similar to Petitioner's in this case was brought under § 2255, the Fourth Circuit found that statute is "not broad enough to reach matters dealing with execution of sentence." United States v. Snow, 748 F.2d 928, 933-34 (4th Cir. 1984) (failure of institution to offer programs to youth offender resulted in longer incarceration than adult would serve).

Here, Petitioner has attempted to raise his constitutional challenges to the BOP's administration of his sentence under both § 2241 and § 2255. He does not challenge the Court's imposition of the sentence, which recommended his participation in the early-release drug treatment program and receipt of benefits, if eligible, under 18 U.S.C. § 3621(e)(2). (Case No. 3:06cr147, Doc. No. 39: Judgment at 2). Now that the BOP has allegedly denied him participation in and benefits of that program and others, he asks the Court to judicially-mandate that he receive the benefits of successful participation in the form of a sentence reduction.[2] (Doc. No. 1-2 at 19-20). Petitioner is incarcerated at a privately-run detention center in Eden, Texas. (Doc. No. 1-2 at 1). Therefore, the motion must be denied under § 2241 because it was not brought in the district of confinement, and must be denied under § 2255 because it relates to the execution of the sentence, and not its validity. Accord United States v. Recinos-Gallegos, 151 F. Supp. 2d 659, 660 (D. Md. 2001) (equal protection challenge to alien's ineligibility for prison programs must be brought under § 2241, not § 2255).

Even if the Court were to consider the merits of Petitioner's claims of discrimination, it plainly appears that he is not entitled to relief. First, his Plea Agreement waived the right to challenge his sentence in post-conviction motions except for claims of ineffective assistance of counsel and prosecutorial misconduct, neither of which bears on his due process and equal

---

[2]The Court had the discretion to depart downward from the applicable guideline range at sentencing based on Petitioner's ineligibility for such programs. United States v. Tanellus, No. 99-4264, 201 F.3d 439, 1999 WL 1008982, slip op. at *2 (4th Cir. Nov. 8, 1999). Petitioner did not move for such a departure, did not challenge the sentence on direct appeal, and did not allege ineffective assistance of counsel on this basis in the Motion to Vacate.

protection arguments.[3] (Case No. 3:06cr147, Doc. No. 24: Plea Agreement at ¶ 20). Second, Petitioner procedurally defaulted these claims by not raising them on direct appeal. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Third, courts have repeatedly rejected similar claims by other § 2241 and § 2255 petitioners.[4]

III. CONCLUSION

The Court's initial review of Petitioner's Motion to Vacate and the relevant record evidence plainly shows that he is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate (Doc. No. 1) is **DISMISSED**; and his included Motions for the Appointment of Counsel and for Discovery are **DENIED** as moot.

Signed: October 31, 2007

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3] A defendant may validly waive his right to collaterally attack his sentence. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005).

[4] See e.g. Jimenez v. United States, No. 2:07-cv-820, 2007 WL 2948673 (S.D. Ohio Oct. 9, 2007) (citing McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999)); Minh v. United States, No. CV306-061, 2006 WL 2444085 (S.D. Ga. Aug. 22, 2006) (collecting cases)); United States v. Bravo-Baez, No. 8:04CR122, 2005 WL 3299806 (D. Neb. Dec. 5, 2005) (citing United States v. Lopez-Salas, 266 F.3d 842 (8th Cir. 2001)); Recinos-Gallegos, 151 F. Supp. 2d at 660 (citing United States v. Acevedo, 246 F.3d 682 (10th Cir. 2001)).

7